## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| BRADLEY CLEPHANE, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. 1:22-cv-00403-TWP-CSW |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

### ORDER DENYING MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255 AND DENYING CERTIFICATE OF APPEALABILITY

This matter is before the Court on the Motion to Vacate, Set Aside or Correct Sentence, as amended, pursuant to 28 U.S.C. § 2255, filed by Petitioner Bradley Clephane ("Mr. Clephane") (Dkt. 6). For the reasons explained below, the Motion is **denied** and the action **dismissed with prejudice**. In addition, the Court finds that a certificate of appealability should not issue.

### I. THE § 2255 MOTION

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79

(7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. FACTUAL BACKGROUND

After being charged in a Superseding Indictment with several counts related to drug offenses, Mr. Clephane agreed to plead guilty to Count One, which charged him with conspiracy to possess with intent to distribute and to distribute 500 grams or more of methamphetamine. *United States v. Clephane*, 1:19-cr-00374-TWP-MJD-3 ("Cr. Dkt."), (Dkt. 147 at 1.) In exchange, the Government agreed to dismiss Counts 2 and 11. *Id*. at 2. As part of the plea agreement, Mr. Clephane agreed that he was subject to a mandatory minimum sentence of 15 years' imprisonment under 21 U.S.C. § 851 and that he was a career offender under § 4B1.1(a) of the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines"), which increased his base offense level to 37. *Id*. at ¶ 23(c). Mr. Clephane also "preserve[d] the right to appeal his classification as a Career Offender." *Id.* ¶ 24.

During his change of plea hearing, Mr. Clephane confirmed the factual basis in the plea agreement and that the parties had stipulated to his classification as a "career offender because of his prior convictions." (Cr. Dkt. 466 at 22, 24, 26 ("he's stipulating that that's what the guidelines say" and that he qualifies "because of the robbery in Indiana"). When the Court asked about the terms of the appellate waiver, counsel elaborated on the rationale for including a carve out that allowed Mr. Clephane to challenge his career offender designation. *See id*. at 26 ("The law is in such flux right now that we thought it prudent to include that … objection…. He also has a dealing methamphetamine conviction which, of course, has been subject to a lot of litigation on that issue.")). After the Court reviewed additional terms and rights with him, Mr. Clephane pled guilty to Count 1. *Id*. at 29.

2

After the plea hearing, the probation officer prepared a presentence investigation report ("PSR"). (Cr. Dkt. 250.) The PSR stated Mr. Clephane was a career offender under the Sentencing Guidelines because of his prior convictions for robbery and dealing in methamphetamine. (Cr. Dkt. 250 ¶ 42.) Mr. Clephane's offense level therefore rose from 36 to 37 and his criminal history category rose from III to VI. *Id.* ¶ 41-42, 56-57. His advisory Guidelines range was 262-327 months' imprisonment. *Id.* ¶ 119. Mr. Clephane objected to the enhancement of his sentence under the career offender provision of the Guidelines based on his previous methamphetamine conviction. *Id.* at 31. The Court overruled the objection, (Cr. Dkt. 478 at 4), and sentenced Mr. Clephane to a minimum guideline sentence of 262 months' imprisonment. (Cr. Dkt. 282.)

Mr. Clephane did not appeal. He then filed this § 2255 motion.

### III.  DISCUSSION

Section 4B1.1 of the Sentencing Guidelines provides for sentence enhancements if a defendant is found to be a "career offender". A defendant is a career offender if his current offense is either a crime of violence or controlled substance offense and "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1. Mr. Clephane challenges his career offender enhancement arguing that his robbery and dealing in methamphetamine convictions are not career offender predicates. He further argues that his counsel rendered ineffective assistance by failing to "warn him" of this potential classification and object to it. The Government argues, among other things, that Mr. Clephane's robbery and methamphetamine convictions properly support the career offender enhancement and his counsel therefore did not perform deficiently by not objecting to them. The Government also argues that Mr. Clephane procedurally defaulted these arguments by not raising them on appeal and that direct challenges to a Guidelines calculation are not cognizable in a § 2255 proceeding. But because the

3

motion can be resolved on the merits of Mr. Clephane's claim that his counsel rendered ineffective assistance, the Court need not address these additional reasons to deny relief.

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation, and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *Resnick v. United States*, 7 F.4th 611, 619 (7th Cir. 2021). If a petitioner cannot establish one of the *Strickland* prongs, the court need not consider the other. *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014). To satisfy the first prong of *Strickland*, the petitioner must direct the court to specific acts or omissions of his counsel. *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009). The court must then consider whether, in light of all of the circumstances, counsel's performance was outside the wide range of professionally competent assistance. *Id*. To satisfy the second prong, the petitioner "must show that but for counsel's errors, there is a reasonable probability that the result would have been different." *Perrone v. United States*, 889 F.3d 898, 908 (7th Cir. 2018) (cleaned up).

A.     **Career Offender Enhancement**

Mr. Clephane challenges his career offender enhancement, arguing that his prior convictions do not support it.

1.     **Robbery**

First, Mr. Clephane argues that his Indiana robbery conviction does not qualify as a crime of violence under § 4B1.1 of the Sentencing Guidelines. To qualify as a crime of violence under this provision, a crime must be punishable by imprisonment for more than one year and have "as an element the use, attempted use, or threatened use of physical force against the person of

4

another." U.S.S.G. § 4B1.2(a)(1).  Mr. Clephane argues that Indiana Robbery does not qualify because it does not include an element of "force or threat of force."  (Dkt. 6 at 7.)

The Seventh Circuit has addressed whether Indiana's robbery statute qualifies as a crime of violence under the Armed Career Criminal Act ("ACCA")[1] in *United States v. Duncan*, 833 F.3d 751 (7th Cir. 2016). The court held that because in Indiana robbery is committed by "putting any person in fear," meaning fear of bodily injury, robbery under Indiana law is a violent felony. *Id.* at 752.  Because Mr. Clephane's robbery conviction is a crime of violence, it supports the career offender enhancement, and his counsel did not render ineffective assistance by failing to challenge it.  *See Warren v. Baenen,* 712 F.3d 1090, 1104 (7th Cir. 2013) ("Counsel is not ineffective for failing to raise meritless claims.").

### 2. <u>Dealing in Methamphetamine</u>

Mr. Clephane also argues that his Indiana dealing in methamphetamine conviction is not a career offender predicate because his conviction "was for a drug amount, 3.5 grams, that is a personal use level."  (Dkt. 6 at 4.)  He also argues that, under *United States v. De La Torre*, 940 F.3d 938 (7th Cir. 2019), which addressed whether a prior drug conviction can support enhancement under 21 U.S.C. § 851, the methamphetamine conviction does not support his career offender enhancement.

The Seventh Circuit addressed the issue of whether a prior drug conviction qualifies as a "controlled substance offense" under the Sentencing Guidelines in *United States v. Ruth*, 966 F.3d 642, 654 (7th Cir. 2020).  The Sentencing Guidelines define a "controlled substance offense" as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or

---

[1] Mr. Clephane's challenge is not under the ACCA, but when determining whether a prior felony is a crime of violence, the Seventh Circuit "refer[s] to cases dealing with the ACCA and the career offender guideline provision interchangeably." *United States v. Edwards*, 836 F.3d 831, 834 n. 2 (7th Cir. 2016) (citing *United States v. Taylor*, 630 F.3d 629, 633 n.2 (7th Cir. 2010)).

5

> dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b). The *Ruth* court explained that the Sentencing Guidelines' broad definition of the term "controlled substance offense" is "most plainly read to 'include state-law offenses related to controlled or counterfeit substances punishable by imprisonment for a term exceeding one year.'" 966 F.3d at 654 (quoting *United States v. Hudson*, 618 F.3d 700, 701 (7th Cir. 2010)). In other words, a prior drug conviction may qualify as a "controlled substance offense" under the Sentencing Guidelines even if it is not a "felony drug offense" under 21 U.S.C. § 851. *Id.* Therefore, because Mr. Clephane's dealing in methamphetamine was a drug conviction for which he spent more than a year in prison, it supports his career offender enhancement. Mr. Clephane has failed to show that his counsel performed deficiently with respect to his enhancement. His counsel did object to it, but the Court overruled the objection based on *Ruth*. (Cr. Dkt. 478 at 4.) Mr. Clephane has failed to show that his counsel could have raised a successful objection to this enhancement.

**B.    Plea Challenge**

Mr. Clephane also suggests that he was "hijacked" when the career offender enhancement was determined. (Dkt. 6 at 14.) He states that he "was never for[e]warned of this potential" and that "his attorney 'assured him' that he would receive a sentence within the guideline range of a criminal history score being set at III." *Id.* To the extent that Mr. Clephane can be understood to argue either that his plea was not knowing and voluntary or that his counsel performed deficiently in advising him regarding the plea, he has not demonstrated that he is entitled to relief.

First, Mr. Clephane's contention that he was "hijacked" is belied by the statements in his plea agreement and at his plea hearing. The plea agreement clearly states that, because of his prior

6

Indiana robbery conviction, he was subject to a mandatory minimum sentence of 15 years' imprisonment under 21 U.S.C. § 851 and that he was a career offender under § 4B1.1(a) of the Sentencing Guidelines, which increases his base offense level to 37. (Cr. Dkt. 147 at ¶¶ 3, 19(i), 23(c).) In the plea agreement, the parties further acknowledged that no stipulation had been made as to his criminal history category. *Id.* ¶ 23. In addition, Mr. Clephane admitted at his plea hearing that he read and understood the plea agreement and that he was aware that the sentence was up to the Court's discretion, (Cr. Dkt. 466 at 12-13). He also agreed that no one made any promises or assurances other than what was in the plea agreement. *Id.* at 10. Mr. Clephane is bound to all of these agreements and admissions that he made at his plea hearing. *Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000); *see Hurlow v. United States*, 726 F.3d 958, 968 (7th Cir. 2013) ("[R]epresentations made to a court during a plea colloquy are presumed to be true.") (citation and internal quotation marks omitted). In other words, Mr. Clephane affirmed at his plea hearing that knew he was facing a minimum 15-year sentence, that the sentence was up to the Court's discretion and that his counsel did not make any promises to him about his sentence other than those in the plea agreement. He therefore cannot show that his plea was not knowing and voluntary or that counsel performed deficiently in advising him regarding his potential sentence.

Further, even if Mr. Clephane could show that his counsel performed deficiently, to demonstrate prejudice, the second element of an ineffective assistance of counsel claim, he must show a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lee v. United States*, 582 U.S. 357, 363 (2017). Mr. Clephane makes no such showing here.

### C.       Request for Stay

In reply in support of his § 2255 motion, Mr. Clephane asks the Court to stay this case based on his contention that amendments to the Sentencing Guidelines could support a reduced sentence. His request to stay is **denied**. Mr. Clephane has failed to show any error in his sentencing or ineffective assistance of counsel. If he believes that recent or future Sentencing Guideline amendments may offer him relief, he may file a motion in the underlying criminal case under 18 U.S.C. § 3582.

## IV.    CONCLUSION

For the reasons explained in this Order, Bradley Clephane is not entitled to relief on his § 2255 motion. There was no ineffective assistance of counsel. Accordingly, his Motion for relief pursuant to § 2255, as amended, Dkt. [6], is **DENIED** and this action is **dismissed with prejudice**. Judgment consistent with this Entry shall now issue and the Clerk shall **docket a copy of this Order in No. 1:19-cr-374-TWP-MJD-3.** The motion to vacate, Cr. Dkt. [417], shall also be **terminated** in the underlying criminal action.

## V.    DENIAL OF CERTIFICATE OF APPEALABILITY

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Clephane has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling."

*Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

**SO ORDERED.**

Date: 4/11/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Bradley Clephane, #17342-028
UNITED STATES PENITENTIARY, THOMPSON
P.O. Box 1002
Thomson, Illinois 61285

UNITED STATES ATTORNEY'S OFFICE